Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Bonnie McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number: (619) 233-7770
Office Fax Number: (619) 297-1022

*Attorneys for Christopher Foley, Jeremy Pawlak, and Nicholas Visconti*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Foley, Jeremy Pawlak, and Nicholas Visconti, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GatherApp, Inc.,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Christopher Foley, Jeremy Pawlak, and Nicholas Visconti ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GatherApp, Inc. ("Defendant"), in negligently and/or intentionally contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their

own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

//
//

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the Northern District of California.

## PARTIES

7. Plaintiff Christopher Foley is, and at all times mentioned herein was, a citizen and residents of the State of Minnesota.

8. Plaintiff Christopher Foley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff Jeremy Pawlak is, and at all times mentioned herein was, a citizen and residents of the State of New York.

10. Plaintiff Jeremy Pawlak is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Plaintiff Nicholas Visconti is, and at all times mentioned herein was, a citizen and residents of the State of Minnesota.

12. Plaintiff Nicholas Visconti is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation doing business in California and is a "person," as defined by 47 U.S.C. § 153(39).

14. Defendant is a Delaware Corporation, registered with the Secretary of State of California.

15. Defendant's corporate address and address for service of process is 301 Bryant St. #201, San Francisco, California 94107.

16. Defendant's Registered Agent is Krutal Desai.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation and owner (or frequent user) of one or more of the telephone numbers used by Defendant to make telephone calls to Plaintiff in violation of the TCPA.

18. At all times relevant herein Defendant conducted business in the State of California and within this judicial district.

### FACTUAL ALLEGATIONS

19. At no time did Plaintiff Christopher Foley provide Defendant prior express consent to be contacted by Defendant.

20. At no time did Plaintiff Jeremy Pawlak provide Defendant prior express consent to be contacted by Defendant.

21. At no time did Plaintiff Nicholas Visconti provide Defendant prior express consent to be contacted by Defendant.

22. On or about April 19, 2017, Defendant sent a text message to Plaintiff Christopher Foley's cellular telephone number from a short code 842-30.

23. The April 19, 2017 text message to Plaintiff Christopher Foley's cellular telephone stated:

> You have been invited to gather with 3 of your friends - gthr.me/dl
>
> Reply HELP for help, STOP to stop more invites from friends

24. A true and correct copy of the April 19, 2017 text message to Plaintiff Christopher Foley's cellular telephone is attached as Exhibit A.

25. The hyperlink contained in the April 19, 2017 text message to Plaintiff Christopher Foley's cellular telephone sends the party clicking on the hyperlink to the website https://www.gatherwith.us/.

26. The website https://www.gatherwith.us/ requests that the viewer of the website download a mobile application called "Gather In Real Life."

27. The website https://www.gatherwith.us/ identifies GatherApp, Inc. as the company that owns the mobile application.

28. On or about April 16, 2017, Defendant sent a text message to Plaintiff Jeremy Pawlak's cellular telephone number from a short code 842-30.

29. The April 16, 2017 text message to Plaintiff Jeremy Pawlak's cellular telephone stated:

> You have been invited to gather with 3 of your friends - gthr.me/dl
>
> Reply HELP for help, STOP to stop more invites from friends

30. A true and correct copy of the April 16, 2017 text message to Plaintiff Jeremy Pawlak's cellular telephone is attached as Exhibit B.

31. The hyperlink contained in the April 16, 2017 text message to Plaintiff Jeremy Pawlak's cellular telephone sends the party clicking on the hyperlink to the website https://www.gatherwith.us/.

32. The website https://www.gatherwith.us/ requests that the viewer of the website download a mobile application called "Gather In Real Life."

33. The website https://www.gatherwith.us/ identifies GatherApp, Inc. as the company that owns the mobile application.

34. On or about May 29, 2017, Defendant sent two text messages to Plaintiff Nicholas Visconti's cellular telephone number from the telephone number 1-775-621-5242.

35. The telephone number 1-775-621-5242 when called plays a recording that states: "The number you have reached is not in service. This is a recording."

36. Upon information and belief, Defendant "spoofed" the telephone number 1-775-621-5242.

37. The May 29, 2017 text messages to Plaintiff Nicholas Visconti's cellular telephone included a GIF file as the first message.

38. The May 29, 2017 text messages to Plaintiff Nicholas Visconti's telephone number included lines of text as a second message that stated:

> You have been invited! Your friends want to hang :) Check it out! - goo.gl/49YISk
>
> Reply HELP for help, STOP to stop more invites from friends

39. A true and correct copy of the May 29, 2017 text messages to Plaintiff Nicholas Visconti's cellular telephone is attached as Exhibit C.

40. The hyperlink contained in the May 29, 2017 text message to Plaintiff Nicholas Visconti's cellular telephone sends the party clicking on the hyperlink to the website https://www.gatherwith.us/.

41. The website https://www.gatherwith.us/ requests that the viewer of the website download a mobile application called "Gather In Real Life."

42. The website https://www.gatherwith.us/ identifies GatherApp, Inc. as the company that owns the mobile application.

43. Upon information and belief, Defendant acquired Plaintiffs' cellular telephone by taking—without consent—the contact data from third-parties' cellular telephones and sending text messages to the contacts of those third-parties, including, but not limited to, Plaintiffs.

44. Upon information and belief, third parties did not willingly give Plaintiffs' cellular telephone numbers to Defendant for Defendant to contact Plaintiffs.

45. A text message is "a call" within the meaning of the TCPA. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

46. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

47. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

48. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

49. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

50. Defendant's text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming text messages pursuant to 47 U.S.C. § 227(b)(1).

51. Upon information and belief, these text messages were made to Plaintiffs for the purpose of soliciting Plaintiffs to download Defendant's mobile application.

52. The text messages from Defendant were unwanted by Plaintiffs.

53. Defendant did not have prior express written consent to send the text messages to Plaintiffs.

54. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

55. Through Defendant's aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

56. Plaintiffs were personally affected by Defendant's aforementioned conduct because Plaintiffs were frustrated and distressed that Defendant interrupted Plaintiffs with an unwanted text messages using an ATDS.

57. Defendant's text messages occupied Plaintiffs' cellular telephone with one or more unwanted text messages, causing a nuisance and lost time.

58. Defendant's text messages to Plaintiffs' cellular telephone number were unsolicited by Plaintiffs and without Plaintiffs' permission or consent.

59. Plaintiffs are informed and believe and here upon allege, that the text messages were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

60. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal and state law, including, but not limited to violations of the TCPA.

61. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

62. Further, Defendant's violations also cause Plaintiffs to suffer a real and concrete harm because Plaintiffs' time was wasted on text messages with Defendant when Defendant had no right to contact Plaintiffs. Defendant also consumed and wasted Plaintiffs' cellphone battery life. Plaintiffs also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

//
//
//
//
//
//

## CLASS ACTION ALLEGATIONS

63. Plaintiffs brings this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

64. Plaintiffs represents, and are members of the Class, consisting of:

> All persons within the United States who received any text messages from Defendant or their agent/s and/or employee/s, not sent for emergency purposes, without prior express consent, to the person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

65. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

66. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone data for which Plaintiffs and the Class members previously paid, and invading the privacy of Plaintiffs and the Class members. Plaintiff and the Class members were thereby damaged.

67. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

68. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

69. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

   b) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

   c) Whether Defendant's conduct was knowing and/or willful;

   d) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   e) Whether Defendant and/or its agent/s should be enjoined from engaging in such conduct in the future.

70. As persons that received at least one telephonic communication from Defendant's ATDS without Plaintiffs' prior express written consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

71. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action,

the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

72. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

73. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

74. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION
## COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 ET SEQ.

75. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

77. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

78. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

79. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

81. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*, Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

82. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as Class Representatives in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief against Defendant as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

//
//
//

## COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 ET SEQ.

83. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

84. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

85. Any other relief the Court may deem just and proper.

## COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227 ET SEQ.

86. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

87. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

88. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

89. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

**HYDE & SWIGART**

Date: May 31, 2017  By: /s/ Veronica E. McKnight
Veronica E. McKnight
SBN: 306562
**HYDE & SWIGART**
2221 Camino Del Rio S., Ste 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
Email: bonnie@westcoastlitigation.com

Joshua B. Swigart
SBN: 225557
**HYDE & SWIGART**
2221 Camino Del Rio S., Ste 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
Email: josh@westcoastlitigation.com

Anthony P. Chester
SBN: *By Pro Hac Vice*
**HYDE & SWIGART**
120 South 6th Street, Suite 2050
Minneapolis, MN 55402
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@westcoastlitigation.com

Abbas Kazerounian
SBN: 249203
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: ak@kazlg.com

*Attorneys for Plaintiffs*
*Christopher Foley,*
*Jeremy Pawlak, and*
*Nicholas Visconti*