WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
MICHELLE O'MEARA COUSINEAU (SBN 286797)
momeara@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA  90017-5855
Telephone:	+1 213 629 2020
Facsimile:	+1 213 612 2499

GREGORY D. BEAMAN (*pro hac vice*)
gbeaman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:	+1 202 339 8400
Facsimile:	+1 202 339 8500

Attorneys for Defendant GatherApp, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER FOLEY, JEREMY PAWLAK, and NICHOLAS VISCONTI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GATHERAPP, INC.,<br><br>Defendant. | Case No. 3:17-cv-03132-WHO<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>CLASS ACTION |

Defendant GatherApp, Inc. ("Gather"), by and through its undersigned counsel, hereby responds to Plaintiffs' Class Action Complaint (the "Complaint") as follows:

**INTRODUCTION**

1.  Gather admits that Christopher Foley, Jeremy Pawlak and Nicholas Visconti (collectively, "Plaintiffs") purport to assert claims against Gather for violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") on the ground that Gather allegedly contacted their cellular telephones and that Plaintiffs seek relief in the form of monetary damages, injunctive relief and any other legal or equitable remedies that may be available to them. Gather denies the remaining allegations of Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint purport to summarize the purposes of the TCPA and quote from the United States Supreme Court's decision in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), and therefore are conclusions of law to which no response is required. To the extent a response is required, Gather neither admits nor denies those allegations and respectfully refers the Court to the TCPA and the Supreme Court's decision in *Mims* for the full and complete contents thereof.

3. The allegations in Paragraph 3 of the Complaint purport to summarize the purposes of the TCPA, quote from Pub. L. No. 102-243 and summarize the court's decision in *Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012), and therefore are conclusions of law to which no response is required. To the extent a response is required, Gather neither admits nor denies those allegations and respectfully refers the Court to the TCPA, the quoted portions of Pub. L. No. 102-243 and the court's decision in *Martin* for the full and complete contents thereof.

4. The allegations in Paragraph 4 of the Complaint purport to quote from Pub. L. No. 102-243 and cite the Supreme Court's decision in *Mims*, and therefore are conclusions of law to which no response is required. To the extent a response is required, Gather neither admits nor denies those allegations and respectfully refers the Court to the quoted portion of Pub. L. No. 102-243 and the Supreme Court's decision in *Mims* for the full and complete contents thereof.

## **JURISDICTION AND VENUE**

5. The allegations in Paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather admits that Plaintiffs have asserted claims against Gather for alleged violation of the TCPA, but Gather denies that it has violated the TCPA or committed any other wrongdoing and respectfully refers the Court to the cited statutes, 28 U.S.C. § 1331 and 47 U.S.C. § 227(b), and the Supreme Court's decision in *Mims*

1  for the full and complete contents thereof.

2      6.    The allegations in Paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather admits that it is headquartered in the Northern District of California and respectfully refers the Court to the cited statute, 28 U.S.C. § 1391(b)(1), for the full and complete contents thereof.

## PARTIES

7.  Gather is without knowledge or information with which to respond to the allegations in Paragraph 7 of the Complaint, and on that basis denies the allegations in Paragraph 7.

8.  The allegations in Paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather admits that upon information and belief, Christopher Foley is a natural person, and Gather respectfully refers the Court to the cited statute, 47 U.S.C. § 153(39), for the full and complete contents thereof.

9.  Gather is without knowledge or information with which to respond to the allegations in Paragraph 9 of the Complaint, and on that basis denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather admits that upon information and belief, Jeremy Pawlak is a natural person, and Gather respectfully refers the Court to the cited statute, 47 U.S.C. § 153(39), for the full and complete contents thereof.

11. Gather is without knowledge or information with which to respond to the allegations in Paragraph 11 of the Complaint, and on that basis denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather admits that upon information and belief, Nicholas Visconti is a natural person, and Gather respectfully refers the Court to the cited statute, 47 U.S.C. § 153(39), for the full and complete contents thereof.

13. Gather admits that it is a corporation doing business in California. The remaining allegations in Paragraph 13 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather neither admits nor denies those allegations and respectfully refers the Court to the cited statute, 47 U.S.C. § 153(39), for the full and complete

contents thereof.

14. Gather admits the allegations in Paragraph 14 of the Complaint.

15. Gather admits the allegations in Paragraph 15 of the Complaint.

16. Gather denies the allegations in Paragraph 16 of the Complaint.

17. Gather admits that it is a corporation. Gather denies the remaining allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather admits that it does business in the state of California and that it is headquartered in the Northern District of California. Gather denies the remaining allegations in Paragraph 18.

**FACTUAL ALLEGATIONS**

19. Gather denies the allegations in Paragraph 19 of the Complaint.

20. Gather denies the allegations in Paragraph 20 of the Complaint.

21. Gather denies the allegations in Paragraph 21 of the Complaint.

22. Gather denies the allegations in Paragraph 22 of the Complaint and, further answering, respectfully refers the Court to Paragraph 14(b) of the accompanying Declaration of Abraham Shafi dated August 14, 2017 (the "Shafi Declaration"), which demonstrates that Plaintiff Christopher Foley's friend Kevin Sullivan sent him the text message at issue on April 19, 2017.

23. Gather admits that Plaintiffs have attached as Exhibit A to the Complaint a purported copy of the text message that Plaintiff Christopher Foley alleges that he received on April 19, 2017, and that this text message states:

> You have been invited to gather with 3 of your friends – gthr.me/dl
>
> Reply HELP for help, STOP to stop more invites from friends

Gather denies the remaining allegations in Paragraph 23 of the Complaint.

24. Gather admits that Plaintiffs have attached as Exhibit A to the Complaint a purported copy of the text message that Plaintiff Cristopher Foley alleges that he received on April 19, 2017. Gather denies the remaining allegations in Paragraph 24 of the Complaint.

25. Gather denies the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint purport to summarize the contents of a publicly available website, https://www.gatherwith.us/; Gather neither admits nor denies those allegations and respectfully refers the Court to the cited website for the full and complete contents thereof, which is attached hereto as **Exhibit A**.

27. The allegations in Paragraph 27 of the Complaint purport to summarize the contents of a publicly available website, https://www.gatherwith.us/; Gather neither admits nor denies those allegations and respectfully refers the Court to the cited website for the full and complete contents thereof, which is attached hereto as **Exhibit A**.

28. Gather denies the allegations in Paragraph 28 of the Complaint and, further answering, respectfully refers the Court to Paragraph 14(a) of the accompanying Shafi Declaration, which demonstrates that Plaintiff Jeremy Pawlak's friend Ellie Hinken sent him the text message at issue on April 16, 2017.

29. Gather admits that Plaintiffs have attached as Exhibit B to the Complaint a purported copy of the text message that Plaintiff Jeremy Pawlak alleges that he received on April 16, 2017, and that this text message states: "You have been invited to Gather with 5 of your friends on Gather – gthr.me/dl." Gather denies the remaining allegations in Paragraph 29 of the Complaint.

30. Gather admits the Plaintiffs have attached as Exhibit B to the Complaint a purported copy of the text message that Plaintiff Jeremy Pawlak alleges that he received on April 16, 2017. Gather denies the remaining allegations in Paragraph 30 of the Complaint.

31. Gather denies the allegations in Paragraph 31 of the Complaint.

32. The allegations in Paragraph 32 of the Complaint purport to summarize the contents of a publicly available website, https://www.gatherwith.us/; Gather neither admits nor denies those allegations and respectfully refers the Court to the cited website for the full and complete contents thereof, which is attached hereto as **Exhibit A**.

33. The allegations in Paragraph 33 of the Complaint purport to summarize the contents of a publicly available website, https://www.gatherwith.us/; Gather neither admits nor denies those allegations and respectfully refers the Court to the cited website for the full and complete contents thereof, which is attached hereto as **Exhibit A**.

34. Gather denies the allegations in Paragraph 34 of the Complaint and, further answering, respectfully refers the Court to Paragraph 14(c) of the accompanying Shafi Declaration, which demonstrates that Plaintiff Nicholas Visconti's friend Melissa Guzy sent him the text message at issue on May 29, 2017.

35. Gather denies the allegations in Paragraph 35 of the Complaint.

36. Gather denies the allegations in Paragraph 36 of the Complaint.

37. Gather admits that the text message that Plaintiff Nicholas Visconti alleges he received on May 29, 2017 contained a GIF image. Gather denies the remaining allegations in Paragraph 37 of the Complaint, including the allegation that the GIF image was presented in a separate stand-alone text message.

38. Gather admits that Plaintiffs have attached as Exhibit C to the Complaint a purported copy of the text message that Plaintiff Nicholas Visconti alleges that he received on May 29, 2017, and that this text message states:

> You have been invited! Your friends want to hang :) Check it out! – goo.gl/49YISk
> Reply HELP for help, STOP to stop more invites from friends

Gather denies the remaining allegations in Paragraph 38 of the Complaint.

39. Gather admits that Plaintiffs have attached as Exhibit C to the Complaint a purported copy of the text message that Plaintiff Nicholas Visconti alleges that he received on May 29, 2017. Gather denies the remaining allegations in Paragraph 39 of the Complaint.

40. Gather denies the allegations in Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 of the Complaint purport to summarize the contents of a publicly available website, https://www.gatherwith.us/; Gather neither admits nor denies those allegations and respectfully refers the Court to the cited website for the full and complete contents thereof, which is attached hereto as **Exhibit A**.

42. The allegations in Paragraph 42 of the Complaint purport to summarize the contents of a publicly available website, https://www.gatherwith.us/; Gather neither admits nor denies those allegations and respectfully refers the Court to the cited website for the full and complete contents thereof, which is attached hereto as **Exhibit A**.

43. Gather denies the allegations in Paragraph 43 of the Complaint and, further answering, respectfully refers the Court to Paragraphs 4-10 and 14-16 of the accompanying Shafi Declaration, which demonstrate that Gather's users send the text messages at issue to contacts whom they have specifically and individually selected after going through the numerous user-initiated steps described in Paragraphs 4-10 of the Shafi Declaration.

44. Gather denies the allegations in Paragraph 44 of the Complaint and, further answering, respectfully refers the Court to Paragraphs 4-10 and 14-16 of the accompanying Shafi Declaration, which demonstrate that Gather's users send the text messages at issue to contacts whom they have specifically and individually selected after going through the numerous user-initiated steps described in Paragraphs 4-10 of the Shafi Declaration.

45. The allegations in Paragraph 45 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather neither admits nor denies those allegations and respectfully refers the Court to the cited decision, *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012), for the full and complete contents thereof.

46. The allegations in Paragraph 46 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 46 of the Complaint and, further answering, respectfully refers the Court to Paragraphs 4-10 and 14-16 of the accompanying Shafi Declaration, which demonstrate that Gather's users send the text messages at issue to contacts whom they have specifically and individually selected after going through the numerous user-initiated steps described in Paragraphs 4-10 of the Shafi Declaration.

47. The allegations in Paragraph 47 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather neither admits nor denies those allegations and respectfully refers the Court to the cited statute, 47 U.S.C. § 227(b)(1)(A)(i), for the full and complete contents thereof.

48. Gather denies the allegations in Paragraph 48 of the Complaint.

49. Gather denies the allegations in Paragraph 49 of the Complaint.

50. Gather denies the allegation in Paragraph 50 that it sent the text messages at issue.

1 Gather is without knowledge or information with which to respond to the remaining allegations in Paragraph 50 of the Complaint, and on that basis denies those allegations.

51. Gather denies the allegations in Paragraph 51 of the Complaint.

52. Gather denies the allegations in Paragraph 52 of the Complaint.

53. Gather denies the allegations in Paragraph 53 of the Complaint.

54. The allegations in Paragraph 54 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 54 of the Complaint.

55. Gather denies the allegations in Paragraph 55 of the Complaint.

56. Gather denies the allegations in Paragraph 56 of the Complaint.

57. Gather denies the allegations in Paragraph 57 of the Complaint.

58. Gather denies the allegations in Paragraph 58 of the Complaint.

59. Gather denies the allegations in Paragraph 59 of the Complaint and, further answering, respectfully refers the Court to Paragraphs 4-10 and 14-16 of the accompanying Shafi Declaration, which demonstrate that Gather's users send the text messages at issue to contacts whom they have specifically and individually selected after going through the numerous user-initiated steps described in Paragraphs 4-10 of the Shafi Declaration.

60. The allegations in Paragraph 60 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 60 of the Complaint.

61. The allegations in Paragraph 61 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 61 of the Complaint.

62. Gather denies the allegations in Paragraph 62 of the Complaint.

**CLASS ACTION ALLEGATIONS**

63. Gather admits that Plaintiffs purport to bring this action on behalf of themselves and a putative class of similarly situated persons as stated in Paragraph 63 of the Complaint. Gather denies that this action meets the requirements for a class action under Federal Rule of Civil

1 Procedure 23 or that Gather has committed any wrongdoing.

64. Gather admits that Plaintiffs purport to bring this action on behalf of the class of persons defined in Paragraph 64 of the Complaint. Gather denies that this action meets the requirements for a class action under Federal Rule of Civil Procedure 23 or that Gather has committed any wrongdoing.

65. Gather admits that Plaintiffs have alleged that Gather and its employees or agents are excluded from Plaintiffs' purported definition of the putative class which they seek to represent in this case. Gather denies the remaining allegations in Paragraph 65 of the Complaint.

66. Gather denies the allegations in Paragraph 66 of the Complaint.

67. Gather denies the allegations in Paragraph 67 of the Complaint.

68. Gather denies the allegations in Paragraph 68 of the Complaint.

69. Gather denies the allegations in Paragraph 69 of the Complaint.

70. Gather denies the allegations in Paragraph 70 of the Complaint.

71. Gather denies the allegations in Paragraph 71 of the Complaint.

72. Gather denies the allegations in Paragraph 72 of the Complaint.

73. Gather denies the allegations in Paragraph 73 of the Complaint.

74. Gather denies the allegations in Paragraph 74 of the Complaint.

## CAUSES OF ACTION

## COUNT I: NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. §§ 227 ET SEQ.

75. Gather incorporates herein by reference each of the denials and specific admissions in Paragraphs 1-74 above and repeats those denials and admissions. Except as otherwise expressly admitted above, Gather denies the allegations in Paragraphs 1-74 of the Complaint.

76. The allegations in Paragraph 76 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 76 of the Complaint.

77. The allegations in Paragraph 77 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in

1 | Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 78 of the Complaint.

**COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227 ET SEQ.**

79. Gather incorporates herein by reference each of the denials and specific admissions in Paragraphs 1-78 above and repeats those denials and admissions. Except as otherwise expressly admitted above, Gather denies the allegations in Paragraphs 1-78 of the Complaint.

80. The allegations in Paragraph 80 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 80 of the Complaint.

81. The allegations in Paragraph 81 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 81 of the Complaint.

82. The allegations in Paragraph 82 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Gather denies the allegations in Paragraph 82 of the Complaint.

**PRAYER FOR RELIEF**

Gather denies the allegations in the "Prayer for Relief," including all of the allegations set forth in Paragraphs 83-88 of the Complaint, and denies that Plaintiffs or any member of the putative class is entitled to any relief sought in the Complaint or otherwise.

**TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38, Gather joins in Plaintiffs' request for a trial by jury of all matters that are triable of right by a jury.

# GATHER'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations in the Complaint do not state a claim for violation of the TCPA.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs lack standing to assert their claims because they have not suffered a concrete injury in fact that is fairly traceable to Gather's alleged conduct.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Privity)

Plaintiffs' claims fail due to a lack of privity between Gather and Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE
### (No Proper Class)

The allegations in the Complaint fail to identify any ascertainable class and fail to meet the requirements for a class action under Federal Rule of Civil Procedure 23.

## FIFTH AFFIRMATIVE DEFENSE
### (Not a Proper Class Representative)

Neither Plaintiffs nor their counsel can adequately represent any putative class.

## SIXTH AFFIRMATIVE DEFENSE
### (Conduct Did Not Violate the TCPA)

The conduct alleged in the Complaint does not amount to a violation of the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiffs' claims are barred because they acknowledged, consented to and/or acquiesced in the alleged acts at issue in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Gather hereby gives notice that it intends to rely on additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise and, thus, reserves the right to amend this Answer to assert such additional defenses.

**WHEREFORE**, Gather prays:

1. That Plaintiffs and the putative class take nothing by the Complaint;
2. For costs of suit;
3. For such attorneys' fees as may be allowed by law; and
4. For such other and further relief as the Court deems just and proper.

Dated: August 14, 2017

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ William A. Molinski*
WILLIAM A. MOLINSKI (SBN 145186)

Attorneys for Defendant GatherApp, Inc.