Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
Anthony P. Chester, Esq. (Admitted Pro Hac Vice)
tony@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Attorneys for Plaintiffs on Signature Page

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Foley, Jeremy Pawlak, and Nicholas Visconti, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GatherApp, Inc.,<br><br>Defendant. | **Case No.:** 3:17-cv-03132-WHO<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER**<br><br>**HON. WILLIAM H. ORRICK**<br>**DATE: NOVEMBER 15, 2017**<br>**TIME: 2:00 P.M.**<br>**COURTROOM 2, 17TH FLOOR** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 15, 2017 at 2:00 P.M., or as soon thereafter as the matter may be heard by the Honorable William H. Orrick in Courtroom 2 – 17th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Franscisco, California, 94102, Plaintiffs Christopher Foley, Jeremy Pawlak, and Nicholas Visconti will and hereby do move for an order appointing the firms of Hyde & Swigart and Kazerouni Law Group, APC as Interim Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3)[1].

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Joshua Swigart and Abbas Kazerounian, all documents on file in the above-captioned case the arguments presented by counsel at any hearing on this motion, and any other matter the Court may wish to consider.

Prior to filing this motion, Plaintiffs' counsel contacted counsel for Gather App, who indicated that Defendant does not oppose the filing of Plaintiffs' motion.

Date: October 10, 17  By: s/ Joshua B. Swigart

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio S. #101
San Diego, CA 92108
josh@westcoastlitigation.com

*Attorneys for Plaintiffs and Putative Class Members Christopher Foley, Jeremy Pawlak, and Nicholas Visconti*

---

[1] Under Civil Local Rule 7-2(a), November 15, 2017 is the earliest date on which Plaintiffs are permitted to set this motion for hearing. However, Defense Counsel does not object to the filing of this motion, Plaintiffs respectfully request that this Court grant this motion of the papers.

## I. INTRODUCTION

Plaintiffs submit this memorandum in support of this motion for an order appointing the law firms of Hyde & Swigart and Kazerouni Law Group, APC as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

The appointment of Interim Class Counsel at a relatively early stage in this proposed class action litigation is in the best interest of the parties, the proposed Class, and the Court. See Fed. R. Civ. P. 23(g).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant owns and operates a mobile application called "Gather." In an effort to spread its application to as many people as possible, Defendant sent text messages to individuals, including Plaintiffs, encouraging them to download "Gather." At no time did any Plaintiff provide prior express consent to Defendant to text them. However, on or about April 19, 2017, Defendant texted Plaintiff Christopher Foley's personal cellular telephone number. Additionally, Defendant texted Plaintiff Jeremy Pawlak's personal cellular telephone number on or about April 16, 2017. Defendant also texted Plaintiff Nicholas Visconti's personal cellular telephone number on or about May 29, 2017. After this suit was filed and Defendant had knowledge of Nicholas Visconti's representation, Defendant again texted Plaintiff Nicholas Visconti's personal cellular telephone number and business cellular telephone number on or about August 2, 2017. Each text contained an invite for Plaintiffs to "Gather" with a link to Defendant's website at https://www.gatherwith.us/. This website contains a request to download Defendant's app. Each text was made via an "automatic telephone dialing system," (ATDS) as defined by 47 U.S.C. § 227(a) (1).

Upon information and belief, Defendant acquired Plaintiffs' cellular telephone numbers by using—without consent—the contact data from third-parties' cellular telephones to send text messages to the contacts of those third-parties, including, but not limited to, Plaintiffs. These third parties did not

willingly give Plaintiffs' cellular telephone numbers to Defendant for Defendant to send text messages to Plaintiffs. These third parties also did not "invite" Plaintiffs to Defendant's application or otherwise initiate a procedure for Defendant to send a text message to Plaintiffs. Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A). The class Plaintiffs seeks to represent includes:

> All persons within the United States who received any text messages from Defendant or their agent/s and/or employee/s not sent for emergency purposes, without prior express consent, to the person's cellular telephone made through the use of an automatic telephone dialing system within the four years prior to the filing of this Complaint.

As identified in Defendant's pending Administrative Motion to Consider Whether Cases should be Related (ECF No. 29), additional TCPA cases are pending against GatherApp, Inc., including *Williams v. GatherApp, Inc.*, Case No. 4:17-cv-05572-JSW, which was filed after the instant action, on June 2, 2017, and removed to Western District of Missouri. The *Williams* matter brings claims under the TCPA for unsolicited text messages as well as under the Missouri Merchandizing Practices Act, RSMo §§ 407.1095, *et seq* for sending telephone solicitations to Missouri residents registered on the national do-not-call registry.

Additionally, *Rehmet* matter was filed on June 21, 2017 against GatherApp, Inc., Case No. 3:17-cv-03589, asserting the same allegations as the instant action, and which has been related by this Court on August 18, 2017.

### III. ARGUMENT

#### A. Hyde & Swigart and Kazerouni Law Group Should Be Appointed as Interim Class Counsel

The Court "may designate interim counsel to act on behalf of the class before determining whether to certify the action as a class action." Fed. R. Civ. P.

23(g)(3). The Advisory Committee for the Federal Rules of Civil Procedure recognized that counsel for the putative class often invest substantial resources at the pre-certification stage. *Id.* (advisory committee's notes). Designating interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, and negotiating settlement." Manual for Complex Litigation §21.11 (4th Ed. 2004).

"Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Rule 23(g)(1)(A)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *see Paraggua v. LinkedIn Corp*. No. 5:`1-CV-03088-EJD, 2012 WL 3763889, at *1 (N.D. Cal Aug. 29, 2012).

Under Rule 23(g), the court must consider four factors in designating class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Here, as discussed below and in the accompanying declarations of counsel, the attorneys seeking appointment satisfy the considerations under Rule 23(g).

### 1. Plaintiff's Counsel Performed Substantial Work in Investigating the Claims Asserted in this Action

The first factor to consider under Rule 23(g)(1) is the work conducted to date in identifying and investigating potential claims. Fed. R. Civ. P.

23(g)(1)(A)(i). Plaintiffs' counsel has already dedicated substantial resources to investigate the facts and research the legal bases for liability. As a result of these efforts, Plaintiffs' counsel has a strong foundation of knowledge regarding issues advanced in the operative complaint based upon their experience representing consumers in similar TCPA class action litigation, including TCPA class actions involving texts made to unintended recipients, as well as a deep understanding of the statute and current litigation regarding the same. Importantly, counsel have spent considerable time vetting the legal claims on behalf of the proposed Class, and Plaintiffs allege claims which require a careful review of the TCPA and understanding of the case law surrounding the statute. Even though litigation is still in its preliminary stage, the above efforts are reflective of counsels' strong commitment to investigating and advancing the claims of the proposed Class. Plaintiffs' counsel are committed to maintaining this high level of representation throughout litigation.

### 2. Plaintiff's Counsel Have Significant Experience in Handling Class Action and Complex Litigation and Have Substantial Knowledge of Applicable Law in Such Cases

Courts applying Fed. R. Civ. P. 23(g) place great emphasis on proposed lead counsel's experience with and knowledge of the applicable law. *See,* e.g., *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). The attorneys comprising Proposed Counsel have substantial experience in litigating claims similar to those here (i.e., TCPA class actions), possess knowledge of the applicable law, and have experience and expertise in managing class and complex consumer litigation generally. Kazerounian Decl., ¶¶ 7-15; Declaration of Joshua B. Swigart in Support of Plaintiff's Motion to Appoint Interim Co-Lead Counsel ("Swigart Decl."), ¶¶ 8-9, filed concurrently.

#### a. Hyde & Swigart

A non-exhaustive list of consumer rights class actions, most of which

involved the TCPA, which Proposed Counsel Joshua B. Swigart has been personally involved in is found in ¶ 8 of the Declaration of Joshua B. Swigart, filed herewith. As the declaration demonstrates, Proposed Counsel Joshua B. Swigart has significant knowledge and experience litigating consumer class actions, including TCPA cases. This experience is also evidence of Proposed Counsel Joshua B. Swigart's commitment to this TCPA action. Thus, Proposed Counsel Joshua B. Swigart has significant knowledge and experience litigating consumer class actions, and specifically TCPA cases.

The outstanding case results mentioned in Prosed Counsel's declarations are a direct result of the diligence and tenacity shown by Kazerouni Law, APC, and Hyde & Swigart in successfully prosecuting complex class actions. Accordingly, Proposed Counsel possess the knowledge, experience and commitment to litigate this TCPA action.

### b. Kazerouni Law Group, APC

Proposed Counsel Abbas Kazerounian of Kazerouni Law Group, APC, has field and litigated numerous consumer rights class actions based on the TCPA and federal and state debt collection statutes in the past several years. Kazerounian Decl., ¶¶ 8-10. A non-exhaustive list of consumer rights class actions, most of which involved the TCPA, which Proposed Counsel Abbas Kazerounian has been personally involved in is found in ¶8 of the Declaration of Abbas Kazerounian, filed herewith. As the declaration demonstrates, Proposed Counsel Abbas Kazerounian has significant knowledge and experience litigating consumer class actions, including TCPA cases. This experience is also evidence of Proposed Counsel Abbas Kazerounian commitment to this TCPA action.

### 3. Plaintiff's Counsel Have Committed and Will Continue to Commit the Resources Necessary to Fully Protect the Interests of the Class

The final 23(g)(1) factor, which concerns the resources that counsel will

commit to the case, Fed. R. Civ. P. 23(g)(1)(A)(iv), also strongly supports appointment here.

Proposed Counsel are well-aware of the time and finances required to litigate a class action of this nature against Defendants and are capable of expending the resources necessary to prosecute these actions effectively. As stated above in Section III.C. Proposed Counsel will also carefully monitor resource levels to ensure that time and expenses are efficiently utilized to prevent waste and duplication of effort. Kazerounian Decl., ¶ 35; Swigart Decl., ¶ 11.

## IV. CONCLUSION

In sum, Hyde & Swigart and Kazerouni Law Group, APC should be appointed as interim lead counsel because the firms have already dedicated significant time and resources in the case, have a strong mastery of the TCPA, and will continue to commit significant resources to achieve success in the litigation. Further, Defendant does not object to the filing of Plaintiffs' Motion. For these reasons, Plaintiffs respectfully request that this Court appoint Kazerouni Law Group and Hyde & Swigart as Interim Class Counsel.

Date: October 10, 17                    By:  s/ Joshua B. Swigart

                                                                          Joshua B. Swigart, Esq.
                                                                          Hyde & Swigart
                                                                          2221 Camino Del Rio S. #101
                                                                          San Diego, CA 92108
                                                                          josh@westcoastlitigation.com

                                                                          *Attorneys for Plaintiffs and Putative Class Members*

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523